IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JEFFREY LEE SMITH,
    Plaintiff,

vs.                                           Case No. 5:08cv293/RH/EMT

SCOTT DUVALL, et al.,
    Defendants.
_____/

## ORDER

        This cause is before the court on Plaintiff's amended civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 9). Leave to proceed in forma pauperis has been granted, and the initial partial filing fee has been paid (Docs. 12, 15).

        Upon review of the complaint, it is evident that the facts as presented fail to support a viable claim for relief under section 1983 as to one or more of the named Defendants. The court will therefore allow Plaintiff an opportunity to clarify his allegations in a second amended complaint.

        Plaintiff is currently incarcerated at the Westville Correctional Facility in Westville, Indiana (Doc. 9 at 2-A). He was incarcerated at Gulf Correctional Institution (GCI) in Wewahitchka, Florida, at the time of the events giving rise to the complaint. Plaintiff names six Defendants in this action: Scott Duvall, a Captain at GCI; Lance Mix, a correctional officer at GCI; Gary Welker, an inmate at GCI; Dr. Andrew Skigen, a surgeon at the North Florida Reception Center (NFRC); John Doe, the administrator of Jacksonville Memorial Hospital (Hospital); and John Doe, the CEO of an unidentified pharmaceutical company (*id.* at 1, 2-B). Plaintiff alleges that on December 30, 2006, Inmate Welker struck him while they were in the day room, causing Plaintiff to suffer a broken jaw (*id.* at 5). He states the incident occurred in the presence of Defendant Mix, but Mix did nothing to stop it (*id.*). Plaintiff alleges Defendant Duvall improperly classified Inmate Welker by placing him

with non-violent inmates even though he knew that Welker should have been in "lock-up dorm" (*id.*). Plaintiff states that on January 4, 2007, Dr. Skigen placed infected metal plates in Plaintiff's jaw bone and then removed them three days later and prescribed medication to kill the infection (*id.*). After the infection was treated, Dr. Skigen failed to reinstall the plates, fix Plaintiff's jaw, or realign Plaintiff's teeth (*id.*). Plaintiff further alleges the infection was so severe that Dr. Skigen had to cut Plaintiff's jaw tissue and muscle, which left him permanently deformed and suffering numbness in his jaw (*id.*). Plaintiff contends Jacksonville Memorial Hospital is liable for allowing Dr. Skigen to operate without sterilizing the hardware implanted in Plaintiff's jaw (*id.* at 6). He contends the pharmaceutical company who supplied the hardware is liable for providing contaminated hardware (*id.*).

Plaintiff claims that the conduct of Defendants Mix, Duvall, and Welker constituted cruel and unusual punishment (*id.* at 7). He claims that the conduct of Dr. Skigen, the Hospital, and the pharmaceutical company constituted deliberate indifference to his medical needs and negligence (*id.* at 7). As relief, Plaintiff seeks to have his jaw "fixed properly" and monetary damages (*id.*)

Initially, Plaintiff cannot state a federal claim against Inmate Welker or the pharmaceutical company. To state a prima facie claim under 42 U.S.C. § 1983, a plaintiff must allege:

1. the defendant's conduct caused the constitutional violation, and
2. the challenged conduct was "under color of state law."

*See* Parratt v. Taylor, 451 U.S. 527, 535, 101 S. Ct. 1908, 1912, 68 L. Ed. 2d 420, 428 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986); Duke v. Cleland, 5 F.3d 1399, 1403 (11th Cir. 1993) (citing Parratt). A private party does not normally act under color of state law and is therefore not subject to suit under section 1983. *See* Dennis v. Sparks, 449 U.S. 24, 27–29, 101 S.Ct. 183, 186, 66 L. Ed. 2d 185 (1980); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152, 90 S.Ct. 1598, 1605, 26 L. Ed. 2d 142 (1970). "Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992). Private parties may be viewed as state actors for section 1983 purposes if one of the following three tests is met: "(1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution ('State compulsion test'); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the

State ('public function test'); or (3) the State had so far insinuated itself into a position of interdependence with the [private parties] that it was a joint participant in the enterprise ('nexus/joint action test')." Rayburn ex rel. Rayburn v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001) (citations and internal quotation marks omitted).

In the instant case, Plaintiff alleges no facts suggesting that any of the tests enunciated in Rayburn apply to the conduct of Inmate Welker or the pharmaceutical company. The mere fact that Inmate Welker was an inmate of the state Department of Corrections (DOC) does not qualify him as a state actor for purposes of § 1983. Furthermore, Plaintiff does not allege any facts suggesting that the pharmaceutical company that provided the hardware to the Hospital was in any way associated with the State of Florida. *See* Willis v. University Health Services, Inc., 993 F.2d 837, 840 (11th Cir. 1993) (citations omitted). Unless Plaintiff alleges sufficient facts showing that Inmate Welker and the pharmaceutical company acted "under color of state law," these Defendants will be dismissed from the lawsuit.

Additionally, Plaintiff has failed to state an Eighth Amendment claim of cruel and unusual punishment with regard to Dr. Skigen and the Hospital. It is well settled that the government has a constitutional duty to provide minimally adequate medical care to prisoners. Harris v. Thigpen, 941 F.2d 1495, 1504 (11th Cir. 1991). Medical treatment violates the Eighth Amendment "only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" *Id.* at 1505 (citing Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir. 1986)). Incidents of mere negligence or malpractice do not rise to the level of constitutional violations. *Id.* (citing Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)).

Stating an Eighth Amendment claim of denial of adequate medical care requires satisfying both an objective and subjective component. Taylor v. Adams, 221 F.3d 1254, 1257 (11th Cir. 2000). First, there must be conduct by prison officials which, objectively speaking, is "sufficiently serious" to constitute a deprivation "'denying the minimal civilized measure of life's necessities.'" *Id.* (quoting Wilson v. Seiter, 501 U.S. 294, 298, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991) (internal quotation omitted)). Second, the prison officials must possess a subjective intent to use the medical deprivation as a means of punishment. *Id.* (citations omitted).

Both the objective and subjective components encompass two subsidiary requirements. Taylor, 221 F.3d at 1258. As to the objective prong, an objectively serious deprivation requires

showing an objectively "serious medical need." Estelle, 429 U.S. at 104. A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hill v. DeKalb Regional Youth Detention Center, 40 F.3d 1176, 1186 (11th Cir. 1994), *abrogated on other grounds by* Hope v. Pelzer, 536 U.S. 730, 122 S. Ct. 2508, 153 L. Ed. 2d 666 (2002); *see* Farmer v. Brennan, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994) (serious medical need is one that, if left unattended, "pos[es] a substantial risk of serious harm."). In addition, an objectively serious deprivation requires showing the response made by Defendants to that need was so deficient as to constitute "an unnecessary and wanton infliction of pain." Estelle, 429 U.S. at 105–06 (internal quotation marks omitted); *see* Taylor, 221 F.3d at 1257; *see also* Adams v. Poag, 61 F.3d 1537, 1543–44 (11th Cir. 1995).

To show the required subjective intent to punish, Plaintiff must demonstrate that Defendants acted with an attitude of "deliberate indifference." Estelle, 429 U.S. at 105. "Deliberate indifference has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." Farrow v. West, 320 F.3d 1235, 1245–46 (11th Cir. 2003) (citing McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999) and Taylor, 221 F.3d at 1258 (stating that defendant must have subjective awareness of an "objectively serious need" and that his response must constitute "an objectively insufficient response to that need")).

A complete denial of readily available treatment for a serious medical condition constitutes deliberate indifference. Harris v. Coweta County, 21 F.3d 388, 393 (11th Cir. 1994). However, where the inmate has received medical treatment, and the dispute is over the adequacy of that treatment, courts should be reluctant to question the accuracy or appropriateness of the medical judgments that were made. Harris, 941 F.2d at 1507 (quoting Waldrop v. Evans, 871 F.2d 1030, 1035 (11th Cir. 1989)). To do otherwise would be "to constitutionalize claims that sound in tort law." Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985) (quotation omitted).

In the instant case, Plaintiff does not allege facts suggesting that Dr. Skigen or Jacksonville Memorial Hospital knew that the hardware was infected or that the hardware otherwise posed a substantial risk of harm to Plaintiff's health. In the absence of any facts showing such subjective knowledge on the part of Dr. Skigen or the Hospital, Plaintiff may not state a claim of deliberate

indifference against these Defendants. Furthermore, the fact that Dr. Skigen removed the infected hardware three days later and treated the infection with antibiotics does not constitute a response so deficient as to constitute "an unnecessary and wanton infliction of pain." Unless Plaintiff alleges sufficient facts to satisfy both the objective and subjective components of the Eighth Amendment standard, his claims against Dr. Skigen and the Hospital will be subject to dismissal. With regard to Plaintiff's negligence claims against these Defendants, Plaintiff is advised that negligence does not rise to the level of a constitutional violation. If Plaintiff cannot state an Eighth Amendment claim but wishes to pursue a tort claim based upon negligence, he may pursue such claim in the state courts.

Finally, Plaintiff must clarify the facts concerning his claims against Defendant Duvall for failure to protect him from the attack by Inmate Welker, and Defendant Mix for failure to intervene. It is true that the Constitution imposes upon state "officials the duty to 'provide humane conditions of confinement.'" Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970, 1976, 128 L. Ed. 2d 811 (1994); *see also* Hudson v. Palmer, 468 U.S. 517, 526–27, 104 S. Ct. 3194, 3200, 82 L. Ed.2 d 393 (1984). In guaranteeing their safety, officials must "protect prisoners from violence at the hands of other prisoners." Farmer, 511 U.S. at 833; Zatler v. Wainwright, 802 F.2d 397, 400 (11th Cir. 1986). However, not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for [state] officials responsible for the victim's safety." Farmer, 511 U.S. at 834. Thus, to provide a viable complaint on a failure-to-protect claim, Plaintiff must make two showings. First, he must demonstrate that he is "incarcerated under conditions posing a substantial risk of serious harm."[1] Farmer, 511 U.S. at 834 (citing Helling v. McKinney, 509 U.S. 25, 35, 113 S. Ct. 2475, 2481, 125 L. Ed. 2d 22 (1993)). Second, he must show that the defendant prison official had a "culpable state of mind" (was deliberately indifferent) in that he knew of and disregarded "an excessive risk to inmate health or safety." *Id.*, 511 U.S. at 834. Put another way, Plaintiff must show that a named Defendant was aware of facts showing that Plaintiff was at a substantial risk of harm, and despite knowing of the risk, Defendant did not take reasonable steps to protect Plaintiff. The known risk of injury must be "a strong likelihood, rather than a mere possibility" before a

---

[1] The Court did not address the question of "[a]t what point a risk of inmate assault becomes sufficiently substantial for Eighth Amendment purposes." 511 U.S. at 834, n.3.

guard's failure to act can constitute deliberate indifference. Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990) (internal quotation omitted). Furthermore, merely negligent failure to protect an inmate from attack does not justify liability under section 1983. *Id.*

In the instant case, Plaintiff's allegations that Defendant Duvall incorrectly classified Inmate Welker and "knew he [Welker] should be in lock-up dorm" are insufficient to state a constitutional violation. Plaintiff must allege facts showing that Defendant Duvall was on notice that there was a strong likelihood that Plaintiff would be attacked by Welker, and that Duvall's "wrong" classification decision was a result of deliberate indifference instead of mere negligence. Likewise as to Defendant Mix's alleged failure to intervene, Plaintiff alleges Mix "allowed" Inmate Welker to strike him and "did nothing to stop" him, but he does not allege facts suggesting that Mix was on notice that Welker was about to strike Plaintiff such that he could have taken reasonable steps to prevent it. Unless sufficient facts exist and are alleged by Plaintiff to state an Eighth Amendment claim against Defendants Duvall and Mix, Plaintiff's claims against these Defendants will be subject to dismissal.

In amending his complaint, Plaintiff should carefully review the foregoing to determine whether he can state a claim for relief against Defendants. If Plaintiff determines he does not wish to proceed with this case, he should file a notice of voluntary dismissal. If Plaintiff determines he wishes to proceed with this action, he must file an amended complaint clarifying his allegations. Plaintiff shall completely fill out a new civil rights complaint form, marking it "Second Amended Complaint." Plaintiff must limit his allegations to claims related to the same basic incident or issue and name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place their names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Defendants" section of the form. In the statement of facts, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation, alleging the claims as to each Defendant in separately numbered paragraphs and including specific dates of the alleged illegal acts. In the section entitled "Statement of Claim," Plaintiff must state what rights or statutes he contends have been violated, and he must provide reference to the facts supporting the claimed violations. Finally, in the "Relief Requested" section, Plaintiff shall identify the form of relief he seeks from this court. Plaintiff is advised that the amended complaint must contain all of his allegations because once an

amended complaint is filed, all earlier complaints and filings are disregarded. Local Rule 15.1, Northern District of Florida.

Accordingly, it is **ORDERED**:

1. The clerk of court is directed to forward to Plaintiff a civil rights complaint form for use in actions under 42 U.S.C. § 1983. This case number should be written on the form.

2. Plaintiff shall have **THIRTY (30) DAYS** in which to file an amended civil rights complaint, which shall be typed or clearly written, submitted on court form, and marked "Second Amended Complaint."

3. Failure to submit an amended complaint as instructed will result in a recommendation of dismissal of this action.

**DONE AND ORDERED** this 9th day of December 2008.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**