IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION


JEFFREY LEE SMITH,
          Plaintiff,


vs.                                                    Case No. 5:08cv293/RH/EMT


SCOTT DUVALL, et al.,
          Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the court on Plaintiff's second amended civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 38).  Leave to proceed in forma pauperis has been granted (Doc. 12).

Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless."  Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997).  The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff.  Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997).  The complaint may be dismissed if the facts as pled do not state a claim to relief that is plausible on its

face.  *See* <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 127 S. Ct. 1955, 1968–69, 1974, 167 L. Ed. 2d 929 (2007) (retiring the often-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim).  Upon review of the complaint, the court concludes that dismissal of this action is warranted.

Plaintiff is currently incarcerated at the Westville Correctional Facility in Westville, Indiana (Doc. 38 at 2).[1]  He was incarcerated at Gulf Correctional Institution (GCI) in Wewahitchka, Florida, at the time of the events giving rise to the complaint.  Plaintiff names five Defendants in this action: Scott Duvall, a Captain at GCI; Lance Mix, a correctional officer at GCI; Dr. Andrew Skigen, a surgeon at the Reception Medical Center (RMC); John Doe, the administrator of Jacksonville Memorial Hospital (Hospital); and John Doe, the CEO of an unidentified pharmaceutical company (*id.* at 2–3).  Plaintiff alleges that while he was confined at GCI, another inmate, Gary Welker, struck him, causing injuries to his jaw (*id.* at 5–6).  Plaintiff states the incident occurred in the presence of Defendant Mix, but Mix refused to prevent it (*id.*).  Plaintiff states that immediately prior to the attack, Welker was in an "agitated state" and used threats and profanity in a raised voice (*id.* at 5).  Plaintiff alleges Defendant Mix observed these signs of escalating tension and violence but did nothing to separate Welker from Plaintiff (*id.* at 5–6).  Plaintiff further alleges Defendant Mix was aware of Welker's violent nature and tendency to be physically violent, by virtue of Welker's disciplinary record and conduct while in custody, which indicated his tendency toward violence and aggression (*id.* at 6).  Plaintiff alleges Defendant Duvall, as custody supervisor, failed to adequately supervise his custody officers or the inmates and thus allowed the altercation to occur (*id.* at 5).

Plaintiff states that due to the extent of his injuries, he was taken on January 4, 2007, to Jacksonville Memorial Hospital (*id.* at 6).  That same day, Defendant Dr. Skigen, a dental/oral surgeon under contract with the Florida Department of Corrections (DOC), installed an "oral

---

[1] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those that Plaintiff may have assigned.

component hardware" in Plaintiff's mouth and jaw (*id.* at 6–8). Subsequently, Plaintiff's jaw became severely infected, which Plaintiff attributes to the negligence of Dr. Skigen and the hospital staff, or the manufacturer or supplier of the hardware (*id.* at 7–8). Plaintiff contends Defendant Jacksonville Memorial Hospital, which was chosen or contracted by the DOC to provide medical care to Plaintiff, deliberately and intentionally failed to verify that the surgical area, equipment, supplies, and staff, were clean (*id.* at 7). He contends the pharmaceutical company who supplied the hardware is liable for providing contaminated hardware (*id.*). Plaintiff states that as a result of the infection, the hardware was removed from his mouth, and he suffered pain, suffering, and disfigurement (*id.* at 8). He alleges he suffers ongoing pain, swelling, numbness, loss of teeth, and reduced range of motion in his mouth, which affects his chewing and speaking (*id.*).

Plaintiff claims that Defendant Mix's failure to prevent the attack and Defendant Duvall's failure to adequately supervise Mix violated the Eighth and Fourteenth Amendments (*id.* at 9). He claims that the conduct of Dr. Skigen, the hospital, and the pharmaceutical company constituted deliberate indifference to his medical needs, in violation of the Eighth Amendment (*id.*). As relief, Plaintiff seeks compensatory and punitive damages (*id.*)

Initially, Plaintiff cannot state a federal claim against the pharmaceutical company. To state a prima facie claim under 42 U.S.C. § 1983, a plaintiff must allege:

1. the defendant's conduct caused the constitutional violation, and
2. the challenged conduct was "under color of state law."

*See* Parratt v. Taylor, 451 U.S. 527, 535, 101 S. Ct. 1908, 1912, 68 L. Ed. 2d 420, 428 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986); Duke v. Cleland, 5 F.3d 1399, 1403 (11th Cir. 1993) (citing Parratt). A private party does not normally act under color of state law and is therefore not subject to suit under section 1983. *See* Dennis v. Sparks, 449 U.S. 24, 27–29, 101 S.Ct. 183, 186, 66 L. Ed. 2d 185 (1980); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152, 90 S.Ct. 1598, 1605, 26 L. Ed. 2d 142 (1970). "Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992). Private parties may be viewed as state actors for section 1983 purposes if one of the following three tests is met: "(1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution ('State compulsion test'); (2)

the private parties performed a public function that was traditionally the exclusive prerogative of the State ('public function test'); or (3) the State had so far insinuated itself into a position of interdependence with the [private parties] that it was a joint participant in the enterprise ('nexus/joint action test')." Rayburn ex rel. Rayburn v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001) (citations and internal quotation marks omitted).

In the instant case, Plaintiff alleges no facts suggesting that any of the tests enunciated in Rayburn apply to the conduct of the pharmaceutical company. Plaintiff does not allege any facts suggesting that the pharmaceutical company that provided the hardware to the hospital was sufficiently associated with the State of Florida to render it a state actor for purposes of § 1983. *See* Willis v. University Health Services, Inc., 993 F.2d 837, 840 (11th Cir. 1993) (citations omitted). Therefore, Plaintiff's claim against this Defendant should be dismissed.

Additionally, Plaintiff has failed to state an Eighth Amendment claim of cruel and unusual punishment with regard to Dr. Skigen and the hospital. It is well settled that the government has a constitutional duty to provide minimally adequate medical care to prisoners. Harris v. Thigpen, 941 F.2d 1495, 1504 (11th Cir. 1991). Medical treatment violates the Eighth Amendment "only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" *Id.* at 1505 (citing Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir. 1986)). Incidents of mere negligence or malpractice do not rise to the level of constitutional violations. *Id.* (citing Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)).

Stating an Eighth Amendment claim of denial of adequate medical care requires satisfying both an objective and subjective component. Taylor v. Adams, 221 F.3d 1254, 1257 (11th Cir. 2000). First, there must be conduct by prison officials which, objectively speaking, is "sufficiently serious" to constitute a deprivation "'denying the minimal civilized measure of life's necessities.'" *Id.* (quoting Wilson v. Seiter, 501 U.S. 294, 298, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991) (internal quotation omitted)). Second, the prison officials must possess a subjective intent to use the medical deprivation as a means of punishment. *Id.* (citations omitted).

Both the objective and subjective components encompass two subsidiary requirements. Taylor, 221 F.3d at 1258. As to the objective prong, an objectively serious deprivation requires showing an objectively "serious medical need." Estelle, 429 U.S. at 104. A serious medical need

is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hill v. DeKalb Regional Youth Detention Center, 40 F.3d 1176, 1186 (11th Cir. 1994), *abrogated on other grounds by* Hope v. Pelzer, 536 U.S. 730, 122 S. Ct. 2508, 153 L. Ed. 2d 666 (2002); *see* Farmer v. Brennan, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994) (serious medical need is one that, if left unattended, "pos[es] a substantial risk of serious harm."). In addition, an objectively serious deprivation requires showing the response made by Defendants to that need was so deficient as to constitute "an unnecessary and wanton infliction of pain." Estelle, 429 U.S. at 105–06 (internal quotation marks omitted); *see* Taylor, 221 F.3d at 1257; *see also* Adams v. Poag, 61 F.3d 1537, 1543–44 (11th Cir. 1995).

To show the required subjective intent to punish, Plaintiff must demonstrate that Defendants acted with an attitude of "deliberate indifference." Estelle, 429 U.S. at 105. "Deliberate indifference has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." Farrow v. West, 320 F.3d 1235, 1245–46 (11th Cir. 2003) (citing McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999) and Taylor, 221 F.3d at 1258 (stating that defendant must have subjective awareness of an "objectively serious need" and that his response must constitute "an objectively insufficient response to that need")).

A complete denial of readily available treatment for a serious medical condition constitutes deliberate indifference. Harris v. Coweta County, 21 F.3d 388, 393 (11th Cir. 1994). However, where the inmate has received medical treatment, and the dispute is over the adequacy of that treatment, courts should be reluctant to question the accuracy or appropriateness of the medical judgments that were made. Harris, 941 F.2d at 1507 (quoting Waldrop v. Evans, 871 F.2d 1030, 1035 (11th Cir. 1989)). To do otherwise would be "to constitutionalize claims that sound in tort law." Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985) (quotation omitted).

In the instant case, Plaintiff does not allege facts suggesting that Dr. Skigen or Jacksonville Memorial Hospital knew that the hardware was infected or that the surgical area, equipment, supplies, or staff were unsanitary or otherwise posed a substantial risk of harm to Plaintiff's health. Plaintiff's conclusory allegations that the conduct of Dr. Skigen and the hospital was deliberate and

intentional is completely void of factual support.  Therefore, Plaintiff has failed to state an Eighth Amendment claim against these Defendants.

Additionally, Plaintiff has failed to state a constitutional claim against Defendant Mix for failure to protect him from the attack by Inmate Welker.   It is true that prison officials have a duty to protect prisoners from violence at the hands of other prisoners.  Farmer v. Brennan, 511 U.S. 825, 833, 114 S. Ct. 1970, 1976, 128 L. Ed. 2d 811 (1994) (citations omitted).  However, not every injury suffered by one prisoner at the hands of another translates into constitutional liability for the prison officials responsible for the victim's safety.  Id., 511 U.S. at 834.  To be held liable under the Eighth Amendment for failing to prevent an attack from other inmates, a correctional official must be found to have known and recklessly disregarded "an excessive risk to inmate health or safety."  Id. at 837. The risk "must be an objectively substantial risk of serious harm," Cottone v. Jenne, 326 F.3d 1352, 1358 (11th Cir. 2003) (citing Farmer, 511 U.S. at 834, 844–45), one that is beyond mere possibility, Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990) (per curiam).

With regard to the required state of mind, "there must be at least some allegation of a conscious or callous indifference to [the] prisoner's rights, thus raising the tort to constitutional stature."  Williams v. Bennett, 689 F.2d 1370, 1380 (11th Cir. 1982) (quoting Wright v. El Paso County Jail, 642 F.2d 134, 136 (5th Cir. 1981)).  The official must be subjectively aware of the risk, Cottone, 326 F.3d at 1358 (citing Marsh v. Butler County, Alabama, 268 F.3d 1014, 1028 (11th Cir. 2001)), meaning that he "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Farmer, 511 U.S. at 837.  Whether an officer was aware of a risk of serious harm may be deduced from circumstantial evidence such as the obviousness of the situation confronting the officer.  Id. at 842–43.  A mere negligent failure to protect an inmate does not state a claim under § 1983.  Davidson v. Cannon, 474 U.S. 344, 347–48, 106 S. Ct. 668, 670, 88 L. Ed. 2d 677 (1986).

Also, a defendant may avoid liability by showing that he "did not know of the underlying facts indicating a sufficiently substantial danger and that [he was] therefore unaware of a danger, or that [he] knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent."  Farmer, 511 U.S. at 844.  A plaintiff's failure to give advance notice to prison officials of his fear of an inmate or of a specific threat is relevant, although

not dispositive, to this inquiry.  *See* <u>Carter v. Galloway</u>, 352 F.3d 1346, 1349–50 (11th Cir. 2003); <u>Farmer</u>, 511 U.S. at 848.

It must also be shown that the prison official responded to the risk in an objectively unreasonable manner.  <u>Cottone</u>, 326 F.3d at 1358 (citing <u>Farmer</u>, 511 U.S. at 834, 844–45); <u>Marsh</u>, 268 F.3d at 1027 ("[O]fficials, to be liable, must be aware of a substantial risk of serious harm to the inmates and not take reasonable measures to alleviate that risk.").  The officer must have a realistic opportunity to prevent the illegal conduct.  *See* <u>Ensley v. Soper</u>, 142 F.3d 1402, 1407–08 (11th Cir. 1998); <u>Byrd v. Clark</u>, 783 F.2d 1002, 1007 (11th Cir. 1986); <u>Yang v. Hardin</u>, 37 F.3d 282, 285 (7th Cir. 1994).  "[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted."  <u>Farmer</u>, 511 U.S. at 844.  Finally, a plaintiff must show that the constitutional violation caused the injury.  <u>Cottone</u>, 326 F.3d at 1359 (citing <u>Marsh</u>, 268 F.3d at 1028).

Plaintiff alleges Officer Mix knew of Inmate Welker's tendency toward physical violence by virtue of his disciplinary record, and Mix observed Welker's agitated state and use of verbal threats and profanity.  However, Plaintiff acknowledges that Welker's agitated and threatening behavior occurred "immediately" prior to the physical attack; and in a document submitted by Plaintiff as an attachment to his complaint, Plaintiff states that the attack occurred during a riot at GCI. (*see* Doc. 38 at 11).  The very close temporal proximity between the threatening behavior and the physical attack do not plausibly suggest that Officer Mix's failure to prevent the attack was the result of recklessness or conscious or callous indifference to Plaintiff's safety, or that he had a realistic opportunity to prevent the attack, and the fact that the attack occurred during a riot renders an opportunity to prevent the attack even less realistic.[2]  This is so, despite Defendant Mix's knowledge of Welker's disciplinary record, as Plaintiff has alleged no facts demonstrating that the

---

[2] Plaintiff was previously directed to file a second amended complaint because his first amended complaint (Doc. 9) failed to state a claim upon which relief could be granted (*see* Doc. 17).  In relevant part, Plaintiff was advised that in order to state a claim against Defendant Mix he must "allege facts suggesting that Mix was on notice that Welker was about to strike Plaintiff <u>such that he could have taken reasonable steps to prevent [Welker's strike]</u>" (*id.* at 6) (emphasis added).  Plaintiff was further advised that "[u]nless sufficient facts exist and are alleged by Plaintiff to state an Eighth Amendment claim" against Defendant Mix, Plaintiff's claims against him will be subject to dismissal (*id.*).

information in Welker's record would have placed Defendant Mix on notice that there was a strong likelihood that Plaintiff would be attacked by Welker.  Plaintiff has therefore failed to state a claim of cruel and unusual punishment against Defendant Mix.  Moreover, because Plaintiff has failed to state a claim of cruel and unusual punishment with regard to Officer Mix's failure to prevent the attack, Plaintiff's failure to supervise claim against Captain Duvall, premised upon Mix's alleged failure to prevent the attack, must also be dismissed.

Accordingly, it is respectfully **RECOMMENDED**:

That this action be **DISMISSED** for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and the clerk be directed to close the file.

At Pensacola, Florida this 7th day of December 2009.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


**<u>NOTICE TO THE PARTIES</u>**

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**