# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

JEFFREY LEE SMITH,

    Plaintiff,

v.                         CASE NO. 5:08cv293-RH/EMT

SCOTT DUVALL et al.,

    Defendants.

_____/

## ORDER OF DISMISSAL

This case is before the court on the magistrate judge's report and recommendation (document 46) and the objections (document 49). I have reviewed *de novo* the issues raised by the objections. The report and recommendation is correct and will be adopted as the court's opinion, with these additional notes.

The plaintiff alleges that, while in state custody, he was assaulted by another prisoner, Gary Welker. The plaintiff says that a captain failed to maintain order at the facility as required by applicable policies. But neither a general assertion that a facility is disorderly nor a showing that officials have violated state policies are sufficient, without more, to allow a prisoner to maintain an action under 42 U.S.C.

§ 1983. Nor has the plaintiff adequately stated a claim against the medical and pharmaceutical defendants he says mishandled his resulting injuries.

A closer question is presented by the plaintiff's allegation that a correctional officer heard Mr. Welker raise his voice and saw him become agitated "immediately prior to" the assault on the plaintiff. Second Am. Compl. at 5 (document 38 at 7). A correctional officer of course may be held liable for failing to protect an inmate from an assault by another inmate. *See Farmer v. Brennan*, 511 U.S. 825, 837, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). But liability attaches only if the correctional officer is deliberately indifferent to the risk of harm. An officer is deliberately indifferent only if he

> knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, *and he must also draw the inference*.

*Farmer*, 511 U.S. at 837 (emphasis added).

The plaintiff has failed to allege facts sufficient to support a claim on this basis. The plaintiff does not allege that Mr. Welker had previously threatened the plaintiff, or, if he had, that any officer knew it. For all the plaintiff alleges, Mr. Welker's assault was a random act of violence. And while the plaintiff does allege that an officer was present when Mr. Welker raised his voice and became agitated, the plaintiff says the assault followed "immediately." The plaintiff does not allege

facts sufficient to support a conclusion that the officer had either adequate time or a present ability to prevent the assault.

In his objections to the report and recommendation, the plaintiff has given no hint that he can allege in good faith anything more than he already has alleged. He has not asked for leave to further amend his complaint. The complaint thus will be dismissed with prejudice. If the plaintiff asserts he can allege additional facts that would make a difference, he may file a motion to alter or amend the judgment, setting out those facts in detail. But the plaintiff need not do so to perfect for appeal the assertion—rejected by this order—that the second amended complaint adequately states a claim on which relief can be granted.

For these reasons,

IT IS ORDERED:

The report and recommendation is ACCEPTED and adopted as the court's opinion. The clerk must enter judgment stating, "The complaint is dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)." The clerk must close the file.

SO ORDERED on February 1, 2010.

s/Robert L. Hinkle<br>
United States District Judge